IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Prestige Industries LLC, | : | Case No. 17-10186 (KG) |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION OF THE DEBTOR FOR
ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(A)
AND 328(A) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR
TO RETAIN AND EMPLOY SSG ADVISORS, LLC AS INVESTMENT BANKER FOR
THE DEBTOR AND WAIVING CERTAIN REPORTING REQUIREMENTS
<u>PURSUANT TO LOCAL RULE 2016-2(h)</u>**

The above captioned debtor and debtor-in-possession (the "Debtor") hereby submits this application (the "Application"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), for entry of an order (i) authorizing the retention and employment of SSG Advisors, LLC ("SSG") as investment banker to the Debtor, and (ii) waiving certain informational requirements of Local Rule 2016-2(h). In support of this Application, the Debtor relies upon the Declaration of Michael S. Goodman in Support of the Application (the "Goodman Declaration"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

119432026_1

1

**Status Of The Case**

1. On January 30, 2017 (the "Petition Date"), the Debtor commenced this chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor has continued in possession of its property and is operating and managing its business as a Debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee, examiner, or creditors' committee to date in this case.

**Jurisdiction, Venue, And Statutory Predicates**

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

**Background**

6. A detailed factual background of the Debtor business and operations, as well as the events precipitating the commencement of the Chapter 11 Case, is more fully set forth in the Declaration of Stuart Newman in Support of First Day Motions (the "First Day Declaration") and incorporated herein by reference. Any capitalized terms used herein and not otherwise defined shall have those meanings set forth in the First Day Declaration.

**Relief Requested**

7.      By this Application, the Debtor seeks, pursuant to sections 327 and 328 of the Bankruptcy Code, to employ and retain SSG as its investment banker, to perform services pursuant to the terms and conditions set forth in this Application and that certain letter agreement by and between the Debtor and SSG dated as of November 1, 2016 (the "Agreement"), a true and correct copy of which is attached as Schedule 1 to the Goodman Declaration and incorporated herein by reference.

**Services To Be Rendered**

8.      As set forth more fully in the Goodman Declaration and the Agreement, the Debtor has retained SSG to perform the following services in this Chapter 11 Case:

   a. Prepare an information memorandum describing the Company, its historical performance and prospects including existing contracts, marketing and sales, labor force, and management and anticipated financial results of the Company;
   b. Assist the Company in compiling a data room of any necessary and appropriate documents related to the Sale;
   c. Assist the Company in developing a list of suitable potential buyers who will be contacted on a discreet and confidential basis after approval by the Company;
   d. Coordinate the execution of confidentiality agreements for potential buyers wishing to review the information memorandum;
   e. Assist the Company in coordinating site visits for interested buyers and work with the management team to develop appropriate presentations for such visits;
   f. Solicit competitive offers from potential buyers;
   g. Advise and assist the Company in structuring the transaction and negotiating the transactions agreements;
   h. Otherwise assist the Company, its attorneys and accountants, as necessary, through closing on a best efforts basis.

9.  The Debtor believes that SSG is well qualified and able to provide the foregoing services to the Debtor. SSG has indicated a willingness to act on behalf of the Debtor on the terms described herein.

### **Qualifications Of Professional**

10. The Debtor has selected SSG as its investment banker in connection with this Chapter 11 Case because of the firm's diverse experience and extensive knowledge in the restructuring of troubled companies. SSG is an investment banking firm that provides a broad range of corporate advisory services to its clients, including mergers, acquisitions and divestitures, capital raising, corporate restructurings, and related services. SSG's professionals have served as investment bankers and financial advisors to debtors and creditors in numerous chapter 11 proceedings before this Court, including, but not limited to *In re SW Liquidation, LLC (f/k/a Saladworks, LLC) Case No. 15-10327 (LSS); In re Seegrid Corp. Case No. 14-12391 (BLS); In re PMGI Holdings, Inc., Case No. 13-12404 (CSS); In re MSD Performance, Inc., Case No. 13-12286 (PJW); In re Cylex Inc., Case No. 12-13259 (BLS); In re BroadSign International, Inc., Case No. 12-10789 (BLS); In re Hussey Copper Corp., Case No. 11-13010 (BLS); In re Blitz U.S.A., Inc., Case No. 11-13603 (PJW); In re American Laser Centers, Case No. 11-13853 (MFW); In re* Townsends, Inc., Case No. 10-14092 (CSS); In re Thompson Publishing Holding Co Inc., Case No. 10-13070 (PJW); In re Trade Secret, Inc., Case No. 10-12153 (KG); In re PCAA Parent, LLC, Case No. 10-10250 (MFW); In re BT Tires Group Holding, LLC, Case No. 09-11173 (CSS); In re Ritz Camera Centers, Inc., Case No. 09-10617 (MFW); In re AeroThrust Corp., Case No. 09-14541 (PJW); In re Boscov's, Inc., Case No. 08-11637 (KG); In re Zestra Laboratories, Case No. 08-11313 (KJC); In re Diamond Glass, Case No. 08-10601 (CSS); In re Joan Fabrics Corp., Case No. 07-10479 (CSS); In re Nobex Corp., Case No. 05-20050 (CSS); In re Pharmaceutical Formulations, Inc., Case No. 0511910 (MFW); In re Glass Group, Case No. 05-10532 (KG); In re American Business Financial Services, Case No. 05-10203 (MFW); In re MIIX Group, Case No. 04-13588 (BLS); In re AstroPower, Case No. 04-10322 (MFW); In re Imperial Home Décor Group, Case No. 03-13898 (KG); In re Goldman Industrial Group, Case No. 02-10467 (MFW); In re U.S. Wireless, Case No. 01-10262 (CSS); In re Network Access Solutions, Case No. 02-11611 (BLS); In re Coram Healthcare Corp., Case No. 00-03299 (MFW); and In re Summit Metals, Case No. 98-2870 (KJC). As such, SSG is well qualified to perform the work required in this Chapter 11 Case.

11. The Debtor needs to retain an investment banking firm to provide advice with respect to the Debtor's proposed sale process. The resources, capabilities, and experience of SSG are important to the Debtor's efforts to maximize value for its stakeholders. Given SSG's work

119432026_1

to date, should the Debtor be required to retain an investment banker other than SSG in connection with this Chapter 11 Case, the Debtor, its estate, and all parties-in-interest would be unduly prejudiced by the time and expense necessarily attendant to such investment banker's familiarization with the intricacies of the Debtor and its business operations and financial affairs. The Debtor therefore believes that the retention of SSG as investment banker is in the best interests of the Debtor's estate.

### **Disinterestedness Of Professional**

12.    To the best of the Debtor's knowledge and based upon the Goodman Declaration, SSG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13.    To the best of the Debtor's knowledge and based upon the Goodman Declaration, SSG does not hold or represent an interest adverse to the Debtor's estate. To the best of the Debtor's knowledge and based upon the Goodman Declaration, (1) SSG's connections with the Debtor, creditors, any other party-in-interest are disclosed at Schedule 3 to the Goodman Declaration; and (2) SSG and the SSG professionals working on this matter are not relatives of and do not have connections with the United States Trustee of the District of Delaware or of any known employee in the office thereof, or the United States Bankruptcy Judge for the District of Delaware assigned to this Chapter 11 Case.

14.    SSG has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this Chapter 11 Case.

119432026_1

**Indemnification And Limitation Of Liability**

15. The Agreement provides that the Debtor will indemnify and hold harmless SSG, its affiliates, the respective partners, members, directors, officers, agents, and employees of SSG and its affiliates (collectively, the "Indemnified Parties") under certain circumstances (such indemnification obligations, as modified by the proposed retention order, the "Indemnification Provisions"), which provisions are attached to and made a part of the Agreement.

16. The Debtor and SSG believe that the Indemnification Provisions are customary and reasonable for financial advisory and investment banking engagements, both out of court and in chapter 11 cases. The terms and conditions of the Agreement, including the Indemnification Provisions, were negotiated by the Debtor and SSG at arm's-length and in good faith. The Debtor respectfully submits that the Indemnification Provisions contained in the Agreement, viewed in conjunction with the other terms of SSG's proposed retention, are reasonable and in the best interests of the Debtor, its estate and creditors in light of the fact that the Debtor require SSG's services for a successful result in this Chapter 11 Case. Accordingly, as part of this Application, the Debtor requests that the Court approve the Indemnification Provisions, as outlined in the Agreement attached as Schedule 1 to the Goodman Declaration, subject during the pendency of the Chapter 11 Case to the following modifications:

   a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtor is authorized to indemnify the Indemnified Parties, in accordance with the Agreement, for any claim arising from, related to or in connection with its performance of the services described in the Agreement; provided, however, that the Indemnified Parties shall not be indemnified for any claim arising from services other than the services provided under the Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;
   b. Notwithstanding anything to the contrary in the Agreement, the Debtor shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, (i) for any claim or expense that is

      judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtor allege breach of SSG's obligations under the Agreement, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Agreement as modified by the proposed order; and

  c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, SSG believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by the proposed order), including without limitation the advancement of defense costs, SSG must file an application before this Court, and the Debtor may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify SSG.

## Professional Compensation

17. SSG's decision to advise and assist the Debtor is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment and to be compensated for its services and reimbursed for the expenses it incurs in accordance with its customary billing practices.

18. In summary, the fee structure provides for the following compensation to SSG (the "Fee Structure"):

  a. <u>An Initial Fee</u>. The Agreement provides for an initial fee of $15,000 which was paid prepetition.

    b.  <u>Sale Fee</u>. Upon the consummation of a Sale Transaction (as defined in the Agreement), SSG shall be entitled to a fee (the "Sale Fee"), payable in cash at, and as a condition of closing of such Sale, equal to the greater of: (a) $300,000; or (b) 3.50% of Total Consideration (as defined in the Agreement).

19. In addition to the fees described above, the Debtor agree to reimburse SSG for all of SSG's reasonable out-of-pocket expenses incurred in connection with the subject matter of the Agreement.

20. By this Application, the Debtor requests that the Court approve the compensation arrangements described in the Agreement pursuant to section 328(a) of the Bankruptcy Code. The compensation arrangements contained in the Agreement are beneficial to the Debtor's estate as they provide certainty and proper inducement for SSG to act expeditiously and prudently with respect to the matters for which it will be employed.

21. SSG's fees and expenses will remain subject to Court approval, consistent with the proposed compensation set forth in the Agreement. Further, because the Debtor seeks to retain SSG under section 328(a) of the Bankruptcy Code, the Debtor believes that SSG's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code and should not constitute a "bonus" or fee enhancement under applicable law.

22. Given the nature of SSG's compensation arrangements, i.e., not on an hourly basis, SSG requests the ability to apply to the Court for approval of its reasonable, necessary fees and expenses with general description of services performed rather than the detailed time entries otherwise required.

23. The overall compensation structure described above is comparable to compensation generally charged by investment banking firms of similar stature to SSG for comparable engagements, both in and out of court. SSG's restructuring expertise, as well as its

119432026_1

capital markets knowledge, financing skills and mergers and acquisitions capabilities, some or all of which may be required by the Debtor during the term of SSG's engagement, are important factors in SSG's determination of its fees. The Debtor believes that the ultimate benefit to its estate of SSG's services cannot be measured merely by reference to the number of hours to be expended by SSG's professionals in the performance of services.

### Record Keeping And Applications For Compensation

24. It is not the general practice of investment banking firms, including SSG, to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d). Because SSG does not ordinarily maintain contemporaneous time records in one-tenth hour (.10) increments or provide or conform to a schedule of hourly rates for its professionals, pursuant to Local Rule 2016-2(h), SSG should be excused from compliance with such information requirements pursuant to Local Rule 2016-2(d) and from compliance with any interim compensation order with respect to SSG's professional fees only. SSG should only be required to maintain time records in one-hour (1.0) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtor.

25. SSG will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. SSG's applications for compensation and expenses will be paid by the Debtor pursuant to the terms of the Agreement, in accordance with Local Rule 2016-2(e) and any procedures established by the Court, pursuant to an interim compensation order or otherwise.

### Basis For Relief

119432026_1

26. Under sections 327 and 328 of the Bankruptcy Code, a debtor-in-possession may employ one or more professionals, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist such parties in carrying out its duties under the Bankruptcy Code. Specifically, section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorney, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtor ] in carrying out the [Debtor's] duties under this title.

11 U.S.C. § 327(a).

27. In addition, section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

Id. § 328(a) (emphasis added). Section 328(a) of the Bankruptcy Code makes clear that Debtor may retain, subject to bankruptcy court approval, a professional on a fee basis such as the fee structure proposed by the Debtor herein.

119432026_1

10

28. SSG intends to submit applications for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court and consistent with the Fee Structure set forth in the Agreement.

29. The Debtor believes that the Fee Structure appropriately reflects the nature and scope of services to be provided by SSG in this Chapter 11 Case, and SSG's substantial experience with respect to investment banking services and the fee structures typically utilized by SSG and other leading investment banks that do not bill its client on an hourly basis. In so agreeing to seek SSG's retention under section 328(a) of the Bankruptcy Code, the Debtor represents that SSG's general restructuring experience and expertise, knowledge of the capital markets, and merger and acquisition capabilities will inure to the benefit of the Debtor in pursuing any sale transaction and that the value to the Debtor of SSG's services under the Agreement derives in substantial part from that expertise and experience, and that accordingly, the structure and amount of the deferred fees are reasonable regardless of the number of hours to be expended by SSG's professionals in the performance of the services to be provided under the Agreement, and that the deferred fees should not be considered to be "bonuses" or fee enhancements under applicable law.

30. Indeed, similar fixed and contingency fee arrangements in other chapter 11 case have been routinely approved and implemented by courts in this circuit and elsewhere. In light of the foregoing and given the numerous issues that SSG may be required to address in the performance of its services hereunder, SSG's commitment to the variable level of time and effort necessary to address all such issues as they arise and the market prices for SSG's services for

engagement of this nature, the Debtor believes that the terms and conditions of the Agreement are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

### Consent To Jurisdiction

31. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### Notice

32. Notice of this Application has been given to the following parties or, in lieu thereof, to its counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Agent for the Prepetition secured lenders and the postpetition lender; (c) and all parties that have requested special notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

### No Prior Request

33. No prior request for the relief sought in this Application has been made to this or any other court.

[SIGNATURE PAGE FOLLOWS]

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

                                            Prestige Industries LLC

Dated: January 30, 2017        By: /s/ Jonathan Fung
                                                                   Chief Executive Officer